**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4150**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DARRELL HALL,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:08-cr-00435-CCB-1)

———————

Submitted: November 18, 2010     Decided: December 9, 2010

———————

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Lauren E. Case, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Hall appeals the above-Guidelines seventy-two-month sentence imposed following his guilty plea to one count of threatening an arson, in violation of 18 U.S.C. § 844(e) (2006), and one count of witness tampering, in violation of 18 U.S.C.A. § 1512(b)(1) (West 2000 & Supp. 2010). On appeal, Hall contends that the district court imposed a procedurally and substantively unreasonable sentence. Specifically, Hall argues that his sentence is procedurally unreasonable because the district court (1) styled its deviation from the U.S. Sentencing Guidelines Manual ("the Guidelines") as a variance in order to avoid the notice provisions of Federal Rule of Criminal Procedure 32(h) ("Rule 32(h)"); (2) failed to explain why a Guidelines sentence was inappropriate; and (3) failed to address a nonfrivolous argument made by defense counsel that Hall's military experience had negatively affected him. Additionally, he contends that his sentence is substantively unreasonable because the district court considered aggravating factors that had already been accounted for under the Guidelines. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of

2

review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553[(a) (2006)] for a sentence different than the one ultimately imposed"). First, we review the sentence for significant procedural error, examining the record for miscalculation of the Guidelines range, the treatment of the Guidelines as mandatory, failure to consider the § 3553(a) factors, the selection of a sentence based on clearly erroneous facts, and failure to adequately explain the chosen sentence and any deviation from the Guidelines. Gall, 552 U.S. at 51.

We hold that the district court committed no procedural error, calculating the proper advisory Guidelines range, considering the § 3553(a) factors and the appropriate facts, and thoroughly explaining Hall's sentence and its upward variance. The district court was not required to provide notice of its upward variance. Rule 32(h) requires that notice be provided before a sentencing court departs from the applicable Guidelines range on a ground not identified in the presentence report or a party's prehearing submission. "Departure," however is a term of art, "refer[ring] only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Irizarry v. United States, 553 U.S. 708, 714 (2008). The notice requirement does not apply to § 3553 variances. Id. Here, the district court's deviation from the Guidelines was

3

unquestionably a variance, as the court based its decision on a thorough consideration of the § 3553(a) factors, not the Guidelines. Thus, the district court was not required to provide advance notice of its intent to vary from the applicable Guidelines range.

We hold further that the district court's explanation was more than sufficient to preclude a finding of procedural error. A sentencing court must "state in open court" the particular reasons that support its chosen sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court's explanation, however, need not be exhaustive; it merely must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Here, it is apparent from the district court's explanation that it considered both parties' arguments and had a reasoned basis for its decision to vary from the Guidelines. Moreover, in response to defense counsel's argument, the court discussed extensively Hall's military background, concluding that a longer sentence and "a very structured situation" might help Hall learn to control his anger, especially in light of any possible post-traumatic stress disorder ("PTSD"). Accordingly,

4

we conclude that the district court adequately explained its chosen sentence and responded to defense counsel's nonfrivolous arguments for a different sentence and, therefore, committed no procedural error.

Because we hold that the sentence is procedurally reasonable, we next examine the substantive reasonableness of the sentence, considering the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). While we presume that a sentence within the Guidelines range is reasonable, we do not presume that a sentence outside the Guidelines range is unreasonable. Gall, 552 U.S. at 51.

Hall claims that the district court's stated reasons do not justify the imposition of an above-Guidelines sentence. In light of Hall's violent tendencies – as evidenced by his criminal history, the seriousness of the present offense, and the effect of his military service – and the court's careful discussion of its reasons for the upward variance, we conclude that the court was justified in sentencing Hall to an above-Guidelines sentence. Thus, we hold that the district court did

5

not abuse its discretion and did not impose a substantively unreasonable sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED